UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHNNY LONG,

        Plaintiff,

vs.                                         Case No. 8:05-CV-1644-27MAP

ATHOS CORP.,

        Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Plaintiff's Verified Application for Attorneys' and Expert's Fees, Litigation Expenses and Costs (Dkt. 22) and Defendant's Opposition (Dkt. 25).[1] In the application, Plaintiff requests $2,037.50 in attorney's fees, $1,850.00 in expert fees and costs, and $639.62 in litigation expenses and costs pursuant to the parties' Settlement Agreement.[2] (Dkt. 22-1, p. 2). Upon consideration, Plaintiff's application is GRANTED IN PART and DENIED IN PART.

---

[1] Defendant objects to Plaintiff's application on grounds that: 1) Plaintiff is not a prevailing party pursuant to 42 U.S.C. § 12205; 2) Plaintiff failed to comply with 42 U.S.C. § 2000a-3(c); and 3) Plaintiff's requests for fees and costs are unreasonable and unnecessary. (Dkt. 25-1, pp. 3-4, ¶ 12). Defendant's objections are overruled except to the extent provided below.

[2] The Settlement Agreement provides: "The Parties have been unable to resolve Plaintiff's claim in this case for attorney's fees, litigation expenses and costs. Plaintiff contends that he is the prevailing party and is entitled to recover his reasonable attorney's fees, litigation expenses and costs. Defendant contends that Plaintiff is not entitled to attorney's fees, litigation expenses and costs. Defendant further disputes the reasonableness of Plaintiff's claims for attorneys fees and costs. The Parties will continue to confer in a good faith effort to resolve the remaining dispute. If however, counsel for the parties are unable to resolve the dispute within thirty (30) days from the last to sign this agreement, the amount to be paid, if any, shall be determined by the Court upon motion to be filed by Plaintiffs within thirty (30) days of the date an impasse is reached or expiration of the initial thirty (30) day period to resolve the dispute or within such time as required by the order of dismissal entered by the Court or as required by applicable rules of civil procedure. Upon agreement by the parties or determination by the Court, such fees, expenses and costs shall be payable on or before ten (10) days from the date of such agreement or determination. Except as set forth herein, each party shall bear their own fees, expenses and costs related to this action. The Parties agree to request that the Court retain jurisdiction over this action in order to make a determination on Plaintiff's motion for attorney's fees, litigation expenses and costs." (Dkt. 19, p. 5, ¶ 10).

### *Attorney's Fees*

Plaintiff requests $2,037.50 in attorney's fees (Dkt. 22-1, pp. 2-11). As a preliminary matter, the Court notes inconsistencies in Plaintiff's application for attorney's fees. In the statement of fees in support of Plaintiff's application, Attorney Shulby provides time records reflecting 6.2 hours worked. (Dkt. 22-2, pp. 1-2). However, in listing the total fees, Attorney Shulby indicates that he expended 11.1 hours working on this case. (Dkt. 22-2, p. 2). Despite the inconsistency, the Court finds that Attorney Shulby expended 6.2 hours on this case as reflected by the time records. Further, in the statement of fees, Attorney Shulby indicates his hourly rate as $250.00. (Dkt. 22-2, pp. 1-2). In addition, Attorney Shulby makes lengthy argument in the application for a "reduced" hourly rate of $250.00. (Dkt. 22-1, pp. 4-10). However, in his declaration in support of the application, Attorney Shulby indicates that his "current reasonable hourly rate for legal services rendered is $325.00 per hour, which rate has been applied in this case." (Dkt. 22-20, p. 2, ¶ 6). Again, despite the inconsistency, the Court finds that Attorney Shulby seeks an hourly rate of $250.00.[3]

The first step in determining the amount to award in attorney's fees is the "lodestar" approach "which is the product of the number of hours reasonably worked by a lawyer and a reasonable hourly rate." *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354 (11th Cir. 2000). "The party who applies for attorney's fees is responsible for submitting satisfactory evidence to establish both that the requested rate is in accord with the prevailing market rate and that the hours are reasonable. *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (*citing Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)). "After determining the lodestar, the court may adjust the amount depending upon a number of factors, including the quality of the results and representation of the litigation." *Id.* (*citing Norman*, 836 F.2d at 1303).

---

[3] Counsel is admonished to proofread his filings to avoid such inconsistencies in the future.

I.      *Number of Hours Reasonably Worked*

The "novelty and complexity of the issues" involved in the case should be reflected in the number of hours billed by counsel. *Blum v. Stenson*, 465 U.S. 886, 898 (1984). The subject matter involved in this action was neither novel nor difficult. Attorney Shulby has filed dozens of similar cases throughout this district involving the same statutory provisions and legal principles. This case settled approximately six (6) months after it was filed and was stayed for approximately three (3) of those months. Notwithstanding, a review of Attorney Shulby's statement of fees does not reflect an unreasonable amount of time expended in light of the services rendered and the duration of the litigation. Attorney Shulby's hours do not appear excessive, redundant, unnecessary, or unreasonable. *See Norman*, 836 F.2d at 1301. Accordingly, the time reasonably expended by Todd W. Shulby, P.A. totals 6.2 hours.

II.     *Reasonable Hourly Rate*

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. Considering Mr. Shulby's experience, the market rate in the relevant community, and all other relevant factors, $200.00 is a reasonable hourly rate.[4]

Multiplying the reasonable hourly rate by the hours reasonably expended results in a lodestar amount of $1,240.00 for the services provided by Todd W. Shulby, P.A. The Court declines to adjust this amount upwards or downwards. *See Duckworth*, 97 F.3d at 1396.

### Expert Fees and Costs

Plaintiff seeks $1,850.00 in expert fees and costs for services rendered by Accessibility

---

[4] Courts in this district have previously determined that $200 per hour is a reasonable hourly rate for counsel's services in similar cases. *See e.g., Access; et al. v. Weaver Ent.*, 8:02-CV-2335-SCB; *Access; et al. v. Clark*, 8:02-CV-2339-JDW; *Access; et al. v. Chaconas*, 8:02-CV-2344-JDW; and *Access; et al. v. RTM Operating Co.*, 8:02-CV-2351-JDW.

3

Disability Consultants. (Dkt. 22-1, pp. 2, 11-12). Generally, an expert may assist a party to a Title III ADA action by providing a site inspection, an evaluation of ADA non-compliance, a recommendation of any necessary remedial measures and a report providing the expert's opinion. The Court finds that ten (10) hours were reasonably expended by Accessibility Disability Consultants and that $185.00 per hour is a reasonable rate for the expert services rendered. Accordingly, the Court awards $1,850.00 in expert fees and costs.

### *Taxable Costs*

Plaintiff requests an award of litigation expenses and costs in the amount of $639.62. (Dkt. 22-1, pp. 2, 12-13). As a preliminary matter, the Court again notes inconsistencies in Plaintiff's application. In his application, Plaintiff requests $639.62 in expenses and costs. (Dkt. 22-1, p. 2). However, in his statement of expenses and costs, Attorney Shulby indicates that $604.62 was expended. (Dkt. 22-2, p. 2). Despite the inconsistency, the Court finds that Plaintiff seeks $604.62 pursuant to the statement of expenses and costs.

Rule 54(d)(1), Federal Rules Civil Procedure, establishes a presumption that costs are awardable to the prevailing party. *Chapman v. A.I. Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000). However, a court may only tax costs that are authorized by statute. 28 U.S.C. § 1920; *Equal Employment Opportunity Comm'n v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). Additionally, the costs must have been incurred for services that were necessarily obtained for use in the case. *Id.* at 621. Although it is within the district court's discretion to deny a full award of costs to the prevailing party, the court "must have and state a sound reason for doing so." *Chapman*, 229 F.3d at 1039.

Plaintiff seeks to tax costs for the filing fee, process server fee, photocopies, postage, and mediation. (Dkt. 22-2, pp. 2-6). The cost for the filing fee is taxable pursuant to 28 U.S.C. § 1920.

Additionally, "private process server fees may be taxed pursuant to §§ 1920(1) and 1921" so long as they "do not exceed the statutory fees authorized in § 1921." *W&O, Inc.*, 213 F.3d at 624. Accordingly, $250.00 for the filing fee and $35.00 for the process server fee are taxable.

According to Plaintiff's statement of expenses and costs, seventy five (75) photocopies were made at a total cost of $18.75. (Dkt. 22-2, p. 2). Plaintiff fails to provide a description of what was copied or why the photocopies were necessary for litigation. Based on the information provided, the photocopies were "general copying" and are not recoverable. *Duckworth*, 97 F.3d at 1399 ("general copying" is "clearly nonrecoverable"); *see also* 28 U.S.C. § 1920. In addition, Plaintiff's request for reimbursement of postage is denied. *See id.* ("postage" is "clearly nonrecoverable"); *see also* 28 U.S.C. § 1920. Plaintiff's request for mediation costs is also denied as there is no statutory authority for taxation of this cost. Therefore, Plaintiff is entitled to recover $285.00 in litigation expenses and costs.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Verified Application for Attorneys' and Expert's Fees, Litigation Expenses and Costs (Dkt. 22) is **GRANTED IN PART** and **DENIED IN PART**. Attorney's fees are taxed in the amount of $1,240.00 for Todd W. Shulby, P.A.'s legal services. Litigation expenses and costs in the amount of $285.00 and expert fees and costs in the amount of $1,850.00 are taxed against Defendant. Plaintiff shall submit a Bill of Costs in accordance with this Order within ten (10) days.

**DONE AND ORDERED** in chambers this 19th day of June, 2006.

_____
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record